```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
 TOHA SALIM,                                               :
                                                           :
                              Plaintiff,                   :
                                                           :            MEMORANDUM & ORDER
              -against-                                    :              23-cv-5325 (DLI)
                                                           :
 U.S ATTORNEY GENERAL MERRICK                              :
 GARLAND, et al.,                                          :
                                                           :
                              Defendants.                  :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Toha Salim ("Plaintiff") brings this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*; and the Mandamus Act, 28 U.S.C. § 1361, to compel Merrick Garland, U.S. Attorney General, Alejandro Mayorkas, U.S. Department of Homeland Security Secretary, Antony Blinken, U.S. Secretary of State, Rena Bitter, Assistant Secretary, U.S. Bureau of Consular Affairs, Julie Eadeh, Consul General of the U.S. Consulate in Istanbul, and John Does 1–10 Consular Officers (collectively, "Defendants"), to adjudicate his F-1 student visa application. *See*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) for improper venue, lack of subject matter jurisdiction, and failure to state a claim. *See*, Defs.' Mot. to Dismiss ("Defs.' Mot."), Dkt. Entry No. 9-1. Plaintiff opposed the motion. Pl. Opp'n ("Opp'n"), Dkt. Entry No. 11. Defendants replied. Reply, Dkt. Entry No. 12. For the reasons set forth below, Defendants' motion is granted for lack of subject matter jurisdiction and the case is dismissed.

## BACKGROUND

Except as otherwise indicated, the following facts are as alleged in the complaint. Plaintiff is a citizen of Bangladesh residing in Turkey. Compl. ¶ 10. In 2021, Plaintiff accepted a position

as a PhD student at the State University of New York ("SUNY") Stony Brook. *Id.* at ¶ 38. On June 10, 2022, Plaintiff applied for an F-1 nonimmigrant student visa. *Id.* at ¶¶ 39–40. On July 29, 2022, Plaintiff was interviewed at the U.S. Consulate in Istanbul, Turkey, and "was informed that his visa was approved." *Id.* at ¶ 41. However, U.S. Department of State records reflect that, on August 4, 2022, a consular officer in Istanbul refused Plaintiff's F-1 visa application pursuant to the Immigration and Nationality Act ("INA") § 221(g) after concluding that additional documentation and security screening were required. Declaration of Matthew McNeil ("McNeil Decl.") ¶ 7, Dkt. Entry No. 9-2.

Plaintiff submitted additional documentation and was informed that his "visa application was [placed] under 221(g) 'administrative processing.'" Compl. ¶¶ 42–43. Administrative processing is a mechanism through which consular officers may request additional information or take additional steps to establish an applicant's visa eligibility. Defs.' Mot. at 13 (administrative processing "encompass[es] a range of possible additional steps to establish eligibility" including "additional national security vetting" or "request[s] [for] additional information"); Opp'n at 9 (administrative processing allows consular officers to request "additional information to determine the applicant's eligibility").[1] Plaintiff's application remains in administrative processing. Compl. ¶¶ 45–52. Defendants contend that the security screening has concluded and the U.S. Consulate General in Turkey is waiting for Plaintiff to submit his passport. Supp. Decl. of Matthew McNeil ¶¶ 3–5, Dkt. Entry No. 12-1. Plaintiff asserts that the delay has "jeopardize[d] his PHD [sic] [admission]" and caused him financial and emotional harm. Compl. ¶¶ 56–57. Thus, he asks this Court to compel adjudication of his F-1 visa application. *Id.* at ¶¶ 59–81.

---

[1] The parties disagree as to whether an application in administrative processing finally has been adjudicated. Defs.' Mot. at 13; Opp'n at 9–10.

2

## **DISCUSSION**

**I.  Standard of Review**

In evaluating a motion to dismiss pursuant to Rule 12(b)(1), the court accepts as true all factual allegations in the complaint, but should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Makarova*, 201 F. 3d at 113. Subject matter jurisdiction is a threshold issue and, thus, a district court must consider a challenge to subject matter jurisdiction before other grounds for dismissal. *Rich v. New York*, 2022 WL 992885, at *3 (S.D.N.Y. Mar. 31, 2022) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F. 2d 674, 678 (2d Cir. 1990)). Thus, the Court must address subject matter jurisdiction first.[2]

**II.  The Doctrine of Consular Nonreviewability**

Defendants argue that review of the complaint is barred by the doctrine of consular nonreviewability. Defs.' Mot. at 2–5. Consular nonreviewability refers to the "long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." *Am. Acad. of Religion v. Chertoff*, 463 F. Supp.2d 400, 417 (S.D.N.Y. Jun. 23, 2006) (citing *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1159 (D.C. Cir. 1999)). Congress, through its plenary powers, has vested United States consular officers with the exclusive power to issue or deny visas.

---

[2] The Court need not address Defendants' other arguments because the doctrine of consular nonreviewability bars judicial review of this case.

*See*, 8 U.S.C. § 1101(a)(9), (16); 8 U.S.C. § 1201(a); 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of . . . immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas.*" (emphasis added)). "This doctrine of consular non-reviewability reflects the plenary power of Congress 'to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention.'" *Khanom v. Kerry*, 37 F. Supp.3d 567, 574 (E.D.N.Y. Jul. 15, 2014) (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978)).

The doctrine is well established black letter law beyond dispute. "The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications." *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)). In sum, the judiciary "[may] not interfere with the visa-issuing process" unless an American citizen's or legal resident's constitutional rights are implicated. *Hsieh*, 569 F. 2d at 1181; *Am. Acad. of Religion*, 463 F. Supp.2d at 417 ("[T]he doctrine [of consular nonreviewability] does not apply in cases brought by U.S. citizens raising constitutional, rather than statutory claims.").

Plaintiff argues that consular nonreviewability only bars judicial review of a consular officer's decisions, not "unreasonable delay[]" in rendering those decisions and, thus, requests that the Court compel adjudication of his visa application, not "review a decision rendered by a

4

consular officer." Opp'n at 20–22. Defendants counter that, despite the ongoing administrative processing, the visa was adjudicated fully pursuant to § 221(g) and, thus, the consular officer's decision is nonreviewable. Defs.' Mot. at 21–24.

However, the majority of courts within this circuit do not distinguish between the two types of actions as Plaintiff does here. *Hettiarachchige v. Bitter*, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022). This Court and a majority of others in this circuit have applied the doctrine both to actions challenging an official's final decision and actions seeking adjudication of a visa application. *See*, *Nurjahan v. U.S. Dep't of State*, 2023 WL 2931581, at *2 (E.D.N.Y. Apr. 13, 2023) ("[T]he doctrine of consular nonreviewability applies not only when a plaintiff challenges an official's discretionary decision to approve or deny a visa application, but also where a plaintiff seeks to compel an official to simply adjudicate a visa application."); *Abdo v. Tillerson*, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (collecting cases); *Foad v. Holder*, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015) (Irizarry, J.) ("This Court is bound by the well settled doctrine of consular non-reviewability and cannot mandate Defendants, including United States embassy officials, to adjudicate Plaintiffs' immigration requests."). There simply is no statutory or Second Circuit authority that "bestow[s] upon a federal court the power to order a consulate to adjudicate a visa application by some judicially determined calendar." *Saleh v. Holder*, 84 F. Supp.3d 135, 139 (E.D.N.Y. Nov. 4, 2014).

While a minority of courts in this circuit have held that the doctrine does not prohibit judicial review of undue delay claims, this Court and others within this circuit do not adhere to this minority view. *See*, *Ahmed v. Bitter*, 2024 WL 22763, at *5 (E.D.N.Y. Jan. 2, 2024); *Khanom v. Kerry*, 37 F. Supp.3d 567, 577 n. 10 (E.D.N.Y. Jul. 15, 2014); *Ceken v. Chertoff*, 536 F. Supp.2d 211, 216 (D. Ct. 2008); *Am. Acad. of Religion v. Chertoff*, 463 F. Supp.2d 400, 421 (S.D.N.Y. Jun.

23, 2006); *Kim v. Ashcroft*, 340 F. Supp.2d 384, 388–90 (S.D.N.Y. Jul. 27, 2004). Plaintiff's out of circuit authority neither is binding nor persuasive in light of authority within this circuit to the contrary. *See*, Opp'n at 21–22 (collecting cases).

Moreover, none of the statutes cited by Plaintiff allow the Court to review his claims. Plaintiff asserts that this Court has jurisdiction pursuant to: (1) the INA, 8 U.S.C. § 1101 *et seq*; (2) federal question jurisdiction, 28 U.S.C. § 1331; (3) the Mandamus Act, 28 U.S.C. § 1361; (4) the Declaratory Judgment Act, 28 U.S.C. § 2201; and (5) the APA, 5 U.S.C. §§ 701 *et seq*. *See*, Compl. ¶ 17. However, these statutes do not provide a freestanding basis for jurisdiction. *See*, *Foad*, 2015 WL 1540522 at *3 (APA, Declaratory Judgment Act, and Mandamus Act did not provide a basis for jurisdiction); *Morales v. Goldbeck*, 2013 WL 937825, at *4 & n.3 (E.D.N.Y. Mar. 11, 2013) (Irizarry, J.) (INA, APA, and Mandamus Act did not allow the court to review consulate's decision); *Khanom*, 37 F. Supp. at 576 (28 U.S.C. § 1331 did not confer jurisdiction "because there [was] no federal right upon which to predicate the Court's federal question jurisdiction").

While consular nonreviewability's jurisdictional bar is not absolute, it yields only when the constitutional, rather than statutory, rights of American citizens or legal residents are implicated. *See*, *Foad*, 2015 WL 1540522 at *3; *Morales*, 2013 WL 937825 at *3 (citing *Am. Acad. of Religion*, 463 F. Supp.2d at 417). Plaintiff argues that Defendants "violat[ed] his 14th Amendment right[] (lack of citizenship notwithstanding)" to an education at SUNY Stony Brook. Opp'n at 14. However, Plaintiff is neither an American citizen nor a legal resident, and, thus, the exception does not apply. Accordingly, the Court lacks subject matter jurisdiction over this case.

### III. Leave to Amend

"[I]t is within the sound discretion of the district court to grant or deny leave to amend."

6

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). If repleading would be futile, courts should refrain from granting leave to amend. *See*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff asserts that he would "remedy any deficiency" if given leave to amend but does not explain how he would cure the Court's lack of subject matter jurisdiction. Opp'n at 28; *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("[A]n amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable."). Thus, the Court finds that repleading would not change the fundamental deficiencies in the complaint, and any amendment would be futile.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted for lack of subject matter jurisdiction, leave to amend the complaint is denied as futile, and this case is dismissed in its entirety with prejudice.

SO ORDERED.

DATED: Brooklyn, New York
         September 16, 2024

                                                        /s/
                                       DORA L. IRIZARRY
                                  United States District Judge